IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TERRANCE PROCTOR,                                                            PETITIONER
ADC # 087410

V.                          CASE NO. 4:20-CV-1031-BRW-BD

DEXTER PAYNE, Director,
Arkansas Division of Correction                                              RESPONDENT

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections**:

This Recommendation for dismissal has been sent to Judge Billy Roy Wilson. Either party may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record.

**II.    Background:**

In 1982, when Petitioner Terrance Proctor was 17 years old, he committed a series of robberies. *Proctor v. Payne*, 2020 Ark. 142, 1. After Mr. Proctor pleaded guilty, the state court judge sentenced him to life in prison for one count of aggravated robbery; and for the remaining ten counts, the judge sentenced him to an aggregate sentence of 200 years to be served *consecutively* to the life sentence. (Doc. Nos. 18-3, 18-4)

On July 30, 1987, Mr. Proctor filed his first federal petition for writ of habeas corpus.¹ (Doc. No. 18-5 at pp. 2–17) In that petition, he claimed that his trial counsel was ineffective; that he was coerced into pleading guilty; that the trial judge erred in accepting the guilty plea and erred in the sentencing process; and that, in post-conviction proceedings, the judge erred by not granting him an evidentiary hearing. Judge Henry Woods found each of Mr. Proctor's claims to be without merit and dismissed the petition. Memorandum Opinion and Order, *Proctor v. Lockhart*, 5:87-CV-426-HW (E.D. Ark. Sept. 25, 1990). The Eighth Circuit Court of Appeals denied Mr. Proctor's request for certificate of appealability and dismissed his appeal. (Doc. No. 18-5 at 1)

In 2010, the United States Supreme Court held that juveniles could not be sentenced to life without parole for non-homicide crimes. *Graham v. Florida,* 560 U.S. 48 (2010). In 2013, Mr. Proctor filed a state habeas petition requesting that the trial court vacate his life sentence and hold a hearing to resentence him in accordance with *Graham*. *Proctor v. Hobbs*, 2015 Ark. 42, 2; see also Order Motion Granted, *Proctor v. Hobbs*, 40CV-13-56 (Lincoln Circuit Court July 1, 2014).² The state court declined to hold a new sentencing hearing and, instead, reduced Mr. Proctor's life sentence to 40 years'

---

¹ Respondents were unable to obtain a complete file of the 1987 federal habeas proceedings prior to filing their response. (See Doc. No. 10 at pp. 3–4; Doc. No. 18 at n.1; Doc. No. 18-6) Contrary to Mr. Proctor's assertions (Doc. No. 21 at pp. 3–6, 20–21), the Court finds no evidence of bad faith, deceit, or manipulation of the record by Respondent's attorney. Mr. Proctor's request that Respondent's counsel be reported to the Board of Professional Conduct is, therefore, declined.

² Case information is publicly available at "CourtConnect" on the Arkansas Judiciary's homepage, https://caseinfo.arcourts.gov/cconnect/.

imprisonment. *Proctor v. Hobbs*, 2015 Ark. 42, 2. Because Mr. Proctor's remaining ten sentences were unaffected, the resentencing left him to serve a cumulative 240-year sentence in the Arkansas Department of Correction. *Proctor v. Kelley*, 2018 Ark. 382, 2.

Mr. Proctor, without the aid of counsel, now brings a second federal habeas petition. (Doc. No. 2) In this petition, Mr. Proctor again claims that his trial counsel was ineffective; that his guilty plea was coerced; and that the trial court erred in the plea-and-sentencing process. He also claims that his 240-year sentence is disproportional; that his 240-year sentence is a *de facto* life sentence, in violation of *Graham;* and that he was entitled to a resentencing hearing so that he could present mitigating circumstances, including his youth at the time he committed the crimes.

Respondent Dexter Payne, director of the Arkansas Division of Correction, filed a motion to dismiss, arguing that the petition is successive and, therefore, should be denied. (Doc. Nos. 17–18) Mr. Proctor responded to the motion to dismiss. (Doc. No. 21) For the reasons set forth below, Respondent's motion to dismiss (Doc. No. 17) should be GRANTED.

**III.   Discussion:**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) prohibits petitioners from filing a "second or successive application" without authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). The phrase "second or successive" is a term of art not defined by AEDPA and not all second-in-time petitions are "second or successive." *Magwood v. Patterson*, 561 U.S. 320, 332, 342 (2010). In *Magwood v. Patterson*, the Supreme Court held that a habeas application that challenges

a "new judgment intervening between the two habeas petitions" is not successive. *Id.* at 339.

So, the question is whether Mr. Proctor received an intervening, new judgment before filing his second habeas petition. But, there is a wrinkle in Mr. Proctor's case. By challenging his *aggregate* 240-year sentence, Mr. Proctor is challenging nine separate judgments. Although the sentencing hearing for all eleven counts of conviction was held by the same court on the same day, the State brought nine separate charging documents (informations) against Mr. Proctor, which resulted in nine cases and nine corresponding judgments.

"When considering a habeas corpus application under § 2254, the phrase 'second or successive' must be interpreted with respect to the *judgment* challenged." *Dyab v. United States*, 855 F.3d 919, 923 (8th Cir. 2017) (citing *Magwood*, 561 U.S. at 333) (emphasis in original). And where more than one judgment is challenge in a single petition, "*Magwood*'s judgment-centered approach requires courts to sift claims based on which judgment they are attacking." *In re Caldwell*, 917 F.3d 891, 894 (6th Cir. 2019).

In over 30 years of post-conviction litigation, Mr. Proctor has received relief from only one judgment so far—his life sentence for aggravated robbery[3] that was reduced to a 40-year term in a state habeas proceeding. The remaining eight judgments, which resulted in 200 years' imprisonment, have never been modified or otherwise disturbed. To the

---

[3] That judgment is in state court case number CR83-74. (Doc. No. 18-4 at p. 7)

extent Mr. Proctor raises claims related to those eight, undisturbed judgments, his petition is successive. And thus, this Court lacks jurisdiction to hear those claims.[4]

The remaining judgment is a closer call. Liberally construing Mr. Proctor's petition, he brings two claims related to that judgment. He claims the state habeas court erred by not granting him a plenary resentencing hearing; and that that his new 40-year sentence is disproportionate to the crime committed. Respondent contends that the reduction of Mr. Proctor's life sentence does not constitute an intervening, new judgment; and that the Court, accordingly, lacks jurisdiction to hear the claims.

The *Magwood* Court did not define "new judgment," and federal circuit courts have differing opinions on the matter. See Patrick Cothern, What Is "New"?: Defining "New Judgment" After Magwood, 117 Mich. L. Rev. 1669 (2019); Thomas Burch, "New Judgment" and the Federal Habeas Statutes, 8 Cal. L. Rev. Online 88 (2017). Still, it is clear that, "[n]ot every change to a judgment results in a new sentence or judgment that wipes clean the slate of post-conviction motions previously filed." *Dyab*, 855 F.3d at 923.

On one side of the scale, an amended judgment to fix a typographical or clerical error is not a new judgment. *Marmolejos v. United States*, 789 F.3d 66, 70–71 (2d Cir. 2015); *In re Lampton*, 667 F.3d 585, 588–89 (5th Cir. 2012); *In re Martin*, 398 F. App'x 326, 327 (10th Cir. 2010). On the other side, a full resentencing where the state "reviewed the aggravating evidence afresh" results in a new judgment. *Magwood*, 561 U.S. at 335.

---

[4] Those judgments are in state court case numbers CR82-1262, CR83-69, CR83-70, CR83-71, CR83-72, CR83-73, CR83-75, CR83-76. (Doc. No. 18-4 at pp. 1–6, 8–9)

Mr. Proctor's case falls somewhere in between. The state habeas court recognized that Mr. Proctor's life sentence was unconstitutional under *Graham*, which is certainly more than a typographical or clerical error. But, instead of granting Mr. Proctor a full resentencing proceeding, the court mechanically applied state case law to reduce the sentence to a non-discretionary 40-year term. As far as the Court can tell, no formal amended judgment was entered by the sentencing court.

The Eighth Circuit's opinion in *Dyab v. United States* is instructive. There, the court noted, in *dicta*, that a sentence modification under 18 U.S.C. § 3582(c)(2) does not constitute a "new judgment" because it is "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dyab*, 855 F.3d at 923 (citing *Dillon v. United States*, 560 U.S. 817, 827 (2010) and *United States v. Jones*, 796 F.3d 483, 486 (5th Cir. 2015)). In a § 3582(c) proceeding, a court may reduce a federal defendant's sentence to a term of imprisonment within an amended guideline sentencing range; the resentencing courts do not conduct plenary resentencing hearings and are restricted on the sentence they may imposed. *Dillon*, 560 U.S. at 819, 826–27.

Similarly, the state habeas court in Mr. Proctor's case did not conduct a plenary resentencing hearing. Under Arkansas law, the court was constrained to reduce Mr. Proctor's sentence to a 40-year sentence—the maximum term-of-years sentence allowed for aggravated robbery at the time Mr. Proctor committed the crime. *Hobbs v. Turner*, 2014 Ark. 19, 431 S.W.3d 283 (2014); see also *Proctor v. Hobbs*, 2015 Ark. 42, 3 (2015) (affirming Mr. Proctor's 40-year sentence).

This mechanical reduction of Mr. Proctor's life sentence, without a plenary resentencing hearing, did not result in an intervening, new judgment. Because Mr. Proctor did not receive a new judgment before filing the instant habeas petition, his application is successive.

Before Mr. Proctor is eligible to file another federal habeas corpus petition, he must seek and receive an order from the Eighth Circuit authorizing this Court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Authorization is required even though Mr. Proctor brings claims not presented in his prior habeas petition. 28 U.S.C. § 2244(b)(2)–(3). Without an order from the court of appeals authorizing a second petition, the Court lacks jurisdiction to hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152–53, 157 (2007).[5]

## IV.   **Certificate of Appealability:**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Proctor has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)–(2).

Mr. Proctor has made a substantial showing that his resentencing process, and resulting 240-year sentence, implicate the Eighth Amendment's bar on cruel and unusual punishment. *People v. Caballero*, 55 Cal. 4th 262, 282 P.3d 291 (2012) (juvenile

---

[5] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. § 2244(b)(2).

defendant's total sentence which exceeded life expectancy constituted cruel and unusual punishment under *Graham*); but see *State v. Brown*, 118 So. 3d 332 (La. 2013) (*Graham* does not preclude sentencing juvenile to cumulative sentences exceeding juvenile's life expectancy). And reasonable judges could disagree with this Court's conclusion about whether the reduction of Mr. Proctor's life sentence resulted in an intervening, new judgment. Accordingly, the Court recommends a certificate of appealability be granted on that issue.

**V.    Conclusion:**

The pending petition is successive. Therefore, Respondent Dexter Payne's motion to dismiss (Doc. No. 17) should be GRANTED; Mr. Proctor's petition for writ of habeas corpus (Doc. No. 2) should be DISMISSED without prejudice, for lack of jurisdiction. A certificate of appealability should issue.

DATED this 15th day of March, 2021.

_____
UNITED STATES MAGISTRATE JUDGE